UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PORT CORPUS TERMINAL, INC. | § | |
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | |
| PGS USA, LLC a/k/a PACORINI | § | |
| GLOBAL SERVICES (USA), LLC f/k/a | § | ADMIRALTY CASE |
| PACORINI LOGISTICS, LLC | § | |
| | § | |
| Defendant | | |

## PLAINTIFF'S VERIFIED ORIGINAL PETITION AND REQUEST FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Port Corpus Terminal, Inc. (hereinafter sometimes referred to as "PCT"), complaining of and about Defendant, PGS USA, LLC a/k/a Pacorini Global Services (USA), LLC f/k/a Pacorini Logistics, LLC (hereinafter sometimes referred to as "Pacorini"), and for cause of action would show unto the Court the following:

### Jurisdiction

**1.**

Firstly, this Honorable Court has subject matter jurisdiction over the claims asserted herein under 28 U.S.C. §1333 because PCT and Pacorini entered into an admiralty contract for flat storage, stevedoring and materials handling services. In the alternative, this Court has diversity subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1332. Plaintiff, PCT, is organized under the laws of the State of Texas and maintains its principal place of business at 210 South Carancahua, Ste. 600, Corpus Christi, Nueces County, Texas 78401. Defendant, Pacorini, is a Louisiana limited liability company that is domiciled at 8200 Hampson Street, Ste. 200, New Orleans, Orleans Parish, Louisiana 70118.

PCT is seeking damages well in excess of $75,000.00. In addition, PCT would ask this Court to exercise supplemental subject matter jurisdiction over its claims pursuant to 28 U.S.C. §1367.

2.

PCT respectfully requests that this Court exercise personal or *in personam* jurisdiction over Pacorini as it has purposefully engaged in business within the territorial limits of the Southern District of Texas, Corpus Christi Division by unloading, storing, and distributing "frac sand" used in the oil and gas industry and has unloaded, stored, and distributed its "frac sand" at PCT's warehouse – Cargo Shed No. 9 (Dock Nos. 9 or 10) located within the territorial limits of the Port of Corpus Christi. PCT has been unloading, storing, and distributing "frac sand" for Pacorini at PCT's warehouse since March 2014 and as of this filing is still storing 2,182.99 short tons of 30/50 "frac sand" and 2116.69 short tons of 40/70 of "frac sand" for Pacorini. Although Pacorini has been transacting business in Nueces County, Texas and more specifically within the Port of Corpus Christi, PCT can find no evidence to show that Pacorini has registered to conduct business with the Texas Secretary of State as required by §9.001(a)(1) and (2) of the Business Organizations Code.

### Venue

3.

Venue is appropriate in the United States District Court for the Southern District of Texas, Corpus Christi Division, pursuant to 28 U.S.C.A. §1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to PCT's claims occurred within the territorial limits of the Corpus Christi, Nueces County, Texas and because Pacorini is subject to personal jurisdiction in Corpus Christi, Nueces County, Texas as a result of unloading, storing, and distributing "frac sand" from PCT's warehouse in the Port of Corpus Christi.

## Factual Background

4.

In and around March 2014 PCT's president, Mr. Laurence Valls ("Valls"), entered into discussions with Mr. Charles G. Smith, Jr. ("Smith"), Vice President and Chief Operating Officer for Pacorini about unloading, storing, and distributing Pacorini's "frac sand" to various Pacorini customers who were engaged in oil and gas production in South Texas and the Eagle Ford Shale. On or about March 25, 2014 PCT prepared a "Proposal for Flat Storage, Stevedoring and Materials Handling Services" which Valls sent to Smith. The aforementioned proposal contained pricing information for the amount of "frac sand" PCT would handle for Pacorini each month, the price per ton for storage, "handling, services from barge to warehouse to pneumatic trailer", "handling services from trailer to warehouse to pneumatic trailer", and "rail unloading services, rail car to warehouse". The proposal also contained a minimum monthly "thru-put" charge of 50% of 20,000 short tons of "frac sand". On Tuesday, March 25, 2014 Smith received PCT's proposal via email from Valls and responded "perfect and thanks" thus forming a maritime contract.

5.

Almost immediately, Pacorini arranged for a trial run of "frac sand" to be delivered by dump truck to PCT's warehouse in the Port of Corpus Christi. On Monday, March 31, 2014 Smith, acting on behalf of Pacorini, wrote an email to Valls indicating "[t]hings are going good with the ops. Please let me know if we need to sign anything official or if you need anything from me to start invoicing us for the services." Thereafter, Pacorini began delivering "frac sand" to PCT's warehouse via ocean going barges. Shortly into the venture, the global price of oil began to fall and Pacorini became late on its payment obligations to

PCT including the minimum monthly thru-put charges. Throughout repeated emails between PCT/Valls and Pacorini/Smith, Pacorini and Smith acknowledged financial and legal responsibility for payment to PCT. For example, on June 25, 2014 Smith sent an email to PCT/Valls stating "[w]e will be responsible (Pacorini Logistics) for your services." On September 30, 2014 PCT/Valls sent an email to Pacorini/Smith confirming a phone conversation wherein Pacorini agreed to pay PCT's July 2014 invoice number 1407-007 in the amount of $184,572.00 by October 1, 2014, and PCT's August 2014 invoice number 1408-005 in the amount of $188,316.00 by not later than October 6, 2014. In closing his email Valls wrote "please acknowledge your receipt and agreement of the above." Smith, on behalf of Pacorini wrote back "Thanks". At all times since March 2014 and continuing to the present Pacorini has been storing "frac sand" at PCT's warehouse. However, Pacorini has consistently been slow to pay or has refused to pay. On several occasions, Smith/Pacorini proposed that PCT accept payments directly from Pacorini's customers which PCT stated was not the deal that had been reached. As recently as July 28, 2015 Smith wrote an email to Valls stating "[p]lease understand that there is every intent to pay the full amount due and that this deal is very important to start the chain reaction of events to get this cargo moved and all monies owed paid."

6.

On August 7, 2015 a final demand was sent to Pacorini/Smith requesting payment of $749,193.53 representing $310,701.53 in materials handling and storage charges and $438,492.00 in monthly minimum thru-put charges through March 2015. The demand stated payment needed to be made by not later than August 21, 2015. The demand did not include monthly thru-put charges for April through August of 2015, nor storage charges for August 2015, which amounts are also due and outstanding. Despite amicable demand,

Pacorini has made no payments to PCT and PCT is forced to seek redress in this Court.

## Supplemental Rule B Attachment

### 7.

PCT re-alleges and re-avers the allegations contained in paragraphs 1-6 above. Despite a diligent search, Pacorini cannot be located within the Southern District of Texas, but assets of Pacorini are located within this District and within the jurisdiction of this Court: specifically 2,182.99 short tons of 30/50 "frac sand" and 2116.69 short tons of 40/70 "frac sand" currently stored in PCT's warehouse. This property may be attached pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure.

## Suit on Sworn Account

### 8.

Beginning in March 2014 and continuing to the present PCT has provided "frac sand" materials handling, storage, stevedoring, and unloading services to Pacorini. Pacorini accepted PCT's services and became bound to pay PCT the charges agreed to in the "Proposal for Flat Storage, Stevedoring and Materials Handling Services".

### 9.

PCT attaches a record of the account and the required affidavit as Exhibit "A" and incorporates it herein by reference. The account accurately sets forth the services PCT provided to Pacorini, the dates of service and the cost of the services. The account represents a record of the series of transactions that is similar to records PCT systematically keeps in the ordinary course of business.

### 10.

The dates and amounts of Pacorini's payments are fully accounted for and credited to the account as reflected in Exhibit "A".

11.

This claim is just and true, it is due, and all just and lawful offsets, payments and credits have been allowed. Plaintiff attaches the affidavit verifying these facts as Exhibit "B" and incorporates it herein by reference.

12.

The principal balance due on the account is $1,354,458.17.

13.

Plaintiff is entitled to recover reasonable and necessary attorney's fees under Texas Civil Practice & Remedies Code §38.001(7) because this is a suit on sworn account. PCT retained undersigned counsel, who presented PCT's claim to Pacorini. Pacorini did not tender the amount owed within thirty (30) days after the claim was presented.

**Breach of Contract**

14.

PCT re-alleges and re-avers the allegations of paragraphs 1-6. By word and deed Pacorini accepted the terms for "Proposal for Flat Storage, Stevedoring and Materials Handling Services" presented to it by PCT on March 31, 2014 when Smith acknowledged receipt of the proposal and acceptance thereof. However, Pacorini has materially breached its contractual obligations to PCT by failing to pay what it owes and what it agreed it was directly financially responsible for. PCT fully performed is contractual obligations and continues to store 2,182.99 short tons of 30/50 "frac sand" and 2116.69 short tons of 40/70 "frac sand" for Pacorini in PCT's warehouse.

15.

Pacorini's breach of its obligation to pay PCT for storage, stevedoring, and handling of Pacorini's "frac sand" has caused injury to PCT. PCT seeks liquidated damages of

1,354.458.17. PCT also seeks attorneys' fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of contract. PCT was forced to retain undersigned counsel, who presented PCT's claim to Pacorini. Pacorini did not tender the amount owed within thirty (30) days of when the claim was presented and PCT was forced to seek redress in this Court.

### Quantum Meruit

**16.**

PCT provided Pacorini with flat storage, stevedoring and materials handling services of Pacorini's "frac sand" beginning in March 2014 and continuing until the present. PCT provided storage, stevedoring, and materials handling services at the request of Pacorini and for the benefit of Pacorini. Pacorini knew or should have known that PCT expected compensation when Pacorini accepted PCT's services. Because PCT reasonably expected compensation, Pacorini's acceptance of PCT's services resulted in damages to PCT of 1,354.458.17.

### Prayer

**WHEREFORE**, Plaintiff, Port Corpus Terminal, Inc. prays:

1. That process according to the practice of this Court issue against Defendant;
2. That if Defendant cannot be found within this District, as stated in the affidavit attached hereto, that all of its property within this District be attached as set forth in this Complaint, with interest and costs;
3. That the Court enter judgment against Defendant in the amount of 1,354.458.17, together with interest and costs;
4. That pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure, process of maritime attachment and garnishment issue against

Defendant's 2,182.99 short tons of 30/50 "frac sand" and 2124.21 short tons of 40/70 "frac sand" belonging to Defendant and currently stored in Plaintiff's warehouse located at Cargo Shed No. 9 within the Port of Corpus Christi;

5. That Plaintiff be awarded attorney's fees; and

6. That Plaintiff be granted all such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**Batman Law Firm, P.C.**

/s/ *Christopher Batman*
―――――――――――――――
Christopher Batman
Federal ID No. 29320
Texas Bar No. 24039625
1018 Santa Fe Street
Corpus Christi, TX 78404
Telephone 361.654.0040
Telecopier 361.654.0042
Email: cbatman@batmanlawfirm.com
Attorney in Charge for
Port Corpus Terminal, Inc.

Of Counsel:

**Bandas Law Firm**

/s/ *Robert J. Sigler*
―――――――――――――――
Federal ID No. 12586
Texas Bar No. 18347750
500 N. Shoreline Blvd, Ste 1020
Corpus Christi, Texas 78471
Tel. 361.698.5200
Fax. 361.698.5222
Attorneys for Plaintiff

Please Serve:
PGS USA, LLC a/k/a Pacorini Global Services (USA) LLC, f/k/a Pacorini Logistics, LLC
by and through its registered agent for service of process:
Lee Trumble
5240 Coffee Drive
New Orleans, LA 70115-7755